HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIA JONES, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>O'REILLY AUTO ENTERPRISES LLC, *a foreign limited liability company*; and DOES 1-20, *as yet unknown Washington entities*,<br><br>Defendants. | Case No. 2:26-cv-01173-RAJ<br><br>ORDER |

## I. INTRODUCTION

THIS MATTER comes before the Court on its October 1, 2026 Order to Show Cause, Dkt. No. 18, and Defendant's Response, Dkt. No. 19. The Court has considered Defendant's Response, the balance of the record, and governing law. For the reasons set forth below, the Court **REMANDS** this case to King County Superior Court and **DENIES AS MOOT** Plaintiff's Motion to Appoint Counsel, Dkt. No. 13.

## II. BACKGROUND

This case is a putative class action against Defendant O'Reilly Auto Enterprises LLC alleging violations of Revised Code of Washington ("RCW") 49.62.070, a provision

of the Washington Noncompetition Covenants Act that prohibits employers from restricting employees who earn less than twice the state minimum wage from maintaining additional employment. Dkt. No. 1-2.

Plaintiff initiated this action in King County Superior Court. Defendant removed the action to this Court. Dkt. No. 1. Defendant filed its Answer to the Complaint, Dkt. No. 9, and Plaintiff moved for appointment of interim lead class counsel, Dkt. No. 13. On October 1, 2026, the Court *sua sponte* ordered Defendant—as the party invoking federal jurisdiction in this case—to show cause why this case should not be remanded to King County Superior Court for lack of subject matter jurisdiction. Dkt. No. 18. Defendant timely filed its response. Dkt. No. 19.

## III. LEGAL STANDARD

"[W]hether or not the parties raise the issue, federal courts are required sua sponte to examine jurisdictional issues such as standing." *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008) (internal quotations omitted). To establish Article III standing, the plaintiff must show they suffered an injury in fact that is concrete, particularized, and actual or imminent; fairly traceable to the challenged conduct of the defendant; and redressable by a favorable ruling. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

"Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). "[A] plaintiff does not automatically satisfy the injury-in-fact requirement whenever a statute grants a right and purports to authorize a suit to vindicate it." *Id.* at 331. The statutory violation must have "caused [a plaintiff] to suffer some harm that 'actually exist[s]' in the world; there must be an injury that is 'real' and not 'abstract' or merely 'procedural.'" *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1112 (9th Cir. 2017) (quoting *Spokeo*, 578 U.S. at 340). In other words, "under Article III, an injury in law is not an injury in fact. Only those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant

over that violation in federal court." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426–27 (2021) (emphasis in original).

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The "rule that a removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c) applies as well to a case removed pursuant to CAFA as to any other type of removed case." *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016).

## IV. DISCUSSION

### A. Article III Standing and Subject Matter Jurisdiction

In its Response to the Order to Show Cause, Defendant argues that the Court has subject matter jurisdiction over this case because Plaintiff's allegations sufficiently establish Article III standing. *See* Dkt. No. 19 at 3–5. Specifically, Defendant contends that Plaintiff alleges a concrete injury-in-fact by pleading that she was "subject to one or more written or oral covenants, agreements, or contracts restricting, restraining, or prohibiting [her] from having an additional job," resulting in "economic and non-economic harm and damages." Dkt. No. 1–2 ¶¶ 26, 28; *see* Dkt. No. 19 at 3.

After reviewing Plaintiff's complaint, the Court finds that the factual allegations therein fail to establish that Plaintiff suffered a concrete injury-in-fact for Article III standing purposes. The complaint fails to allege, for example, that Plaintiff actually sought a second job or that, upon doing so, Defendant acted to stop her from accepting supplemental employment. Instead, Plaintiff alleges only that Defendant unlawfully "restrict[ed], restrain[ed], or prohibit[ed] Plaintiff … from having an additional job," without further substance. *See* Dkt. No. 1-2 ¶ 26. However, "[o]nly those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court." *TransUnion*, 594 U.S. at 426–27. Such allegations fail to confer standing upon Plaintiff because they would require the Court to

rest its subject matter jurisdiction on a speculative chain of events that Plaintiff has not alleged—namely, that Plaintiff actually sought a second job for supplemental income and that Defendant restricted her from taking it. *See Ctr. for Biological Diversity v. Bernhardt*, 946 F.3d 553, 560 (9th Cir. 2019) ("Conjectural, hypothetical, or speculative injuries, such as '[a]llegations of possible future injury,' do not suffice.").

Defendant insists that Plaintiff "need not expose herself to liability … before challenging the restraint," relying on *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007). Dkt. No. 19 at 5. While Plaintiff may not be required to accept a competing job in defiance of an alleged noncompetition covenant, and thereby risk termination, before bringing suit, *MedImmune* does not dispense with the requirement that a plaintiff actually intend to engage in the conduct the challenged restriction forbids. In *MedImmune*, the licensee was already manufacturing and selling the product at issue—the only question was whether it had to stop paying royalties before challenging the patent's validity. 549 U.S. at 121–22, 128. Here, by contrast, the Complaint identifies no specific employer, position, or opportunity that Plaintiff sought, planned to seek, or declined because of the alleged noncompetition covenant. Plaintiff offers only a bare allegation that Defendant violated RCW 49.62.070 by restricting her from having an additional job. *See* Dkt. No. 1-2 at ¶¶ 26–27. Such a conclusory allegation "without any description of concrete plans … do[es] not support a finding of the 'actual or imminent' injury that [Article III] require[s]." *Lujan*, 504 U.S. at 564.

Accordingly, the Court concludes that it lacks subject matter jurisdiction over the action and must therefore remand this action to state court. *See* 28 U.S.C. § 1447(c); *Polo*, 833 F.3d at 1196.

**B. Jurisdictional Discovery**

Defendant seeks leave to conduct jurisdictional discovery prior to remand if the Court concludes that Plaintiff's allegations are insufficient to establish Article III standing. Dkt. No. 19 at 7–8. The Court finds that ordering jurisdictional discovery is unwarranted

for several reasons. First, a civil action is "the action as defined by the plaintiff's complaint," *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 442 (2019), and, "[a]s the master of his complaint, [the plaintiff] can decide what claims to present and in what forum to litigate." *Faulk v. JELD-WEN, Inc.*, 159 F.4th 618, 624 (9th Cir. 2025) (quoting *Walker v. Arizona*, 158 F.4th 971, 982 (9th Cir. 2025)). Second, whether to permit jurisdictional discovery is typically a question of the Court's discretion. *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977). Where, as here, "it is apparent that Plaintiff lacks standing, and none of the jurisdictional discovery that [Defendant] seeks or would be entitled to alters that calculus," jurisdictional discovery is unwarranted. *Hubbard v. Accel Schools LLC et al.*, No. 2:24-CV-01127-TL, 2026 WL 2620508, at *11 (W.D. Wash. Sept. 4, 2026) (citing *Kent v. HCL Techs. Ltd.*, No. C24-1332, 2024 WL 4825383, at *4 (W.D. Wash. Nov. 19, 2024)). Accordingly, the Court declines to order the jurisdictional discovery requested by Defendant.

**C. Request for Stay**

Defendant also argues in the alternative that the Court should stay, rather than remand, this case pending the Ninth Circuit's resolution of *Minson v. Ulta Salon, Cosmetics & Fragrance, Inc.*, No. 26-5462 (9th Cir. 2026) (on appeal from *Minson v. Ulta Salon, Cosmetics & Fragrance, Inc.*, No. 2:25-cv-01675-JHC (W.D. Wash.)). Dkt. No. 19 at 8. A court's authority extends to staying an action "pending resolution of independent proceedings which bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979), *cert. denied*, 444 U.S. 827 (1979)). However, in the *Minson* case, the parties do not have a right to a direct appeal; the defendant instead filed a petition for discretionary appeal pursuant to 28 U.S.C. § 1453(c)(1). As of the date of this Order, the Ninth Circuit has not granted any party permission to appeal the district court's remand order in *Minson*. It is therefore far from apparent that a stay pending the Ninth Circuit's resolution of the *Minson* petition will simplify any questions of law which

could be expected to bear upon this case. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) (stay considerations include the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay). Accordingly, the Court declines to stay this action.

## V. CONCLUSION

For the foregoing reasons, the Court **REMANDS** this case to King County Superior Court and **DENIES AS MOOT** Plaintiff's Motion to Appoint Counsel, Dkt. No. 13. The Court **DIRECTS** the Clerk to mail a certified copy of this Order and transmit the record of this case to the King County Superior Court.

Dated this 19th day of October, 2026.

Richard A. Jones

The Honorable Richard A. Jones
United States District Judge